HASTINGS v. BOLAND.

1. STREET RAILWAYS — INJURY TO PASSENGER ALIGHTING FROM CAR—INSTRUCTIONS.

In an action for injury to a passenger when alighting from a street car, the court instructed the jury that plaintiff could not recover if power was applied, and the car started up, and he was thrown from the platform or steps, before the car had stopped. *Held*, that the jury could not have failed to understand that there could be no recovery unless the car stopped, and was started up again, before plaintiff alighted.

2. TRIAL—INSTRUCTIONS—FORM OF REQUEST.

A requested instruction by defendant: "The sole question for you to determine is the truth of H.'s story. If you are not satisfied that this is substantially correct, there is no other testimony * * * on which your verdict could be based in favor of plaintiff,"—involves the dangerous consequence of a difference of opinion regarding the testimony of the witness, and is improper in form. The court pointed out what was necessary to be proved to justify a verdict, and this was the proper method of instruction.

Error to Jackson; Peck, J. Submitted February 26, 1904. (Docket No. 211.) Decided March 29, 1904.

Case by William J. Hastings against William A. Boland for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*T. E. Barkworth,* for appellant.

*R. S. Woodliff* (*C. E. Townsend,* of counsel), for appellee.

HOOKER, J. The defendant is owner of a street railway, and the plaintiff a passenger, who suffered a broken ankle and other injuries from a fall when alighting from the defendant's passenger car upon a street in the city of Jackson. We infer that he recovered a verdict, but are unable to find any allusion to it in the printed record or its index. We call attention to this for the reason that such omissions are frequent, and occasion us much inconvenience. The negligence relied on is alleged to have consisted of a sudden starting of the car after it had stopped, and while the plaintiff was in the act of alighting, whereby he was thrown down upon the pavement or crossing. The injury is not denied, but the defense made was contributory negligence upon the plaintiff's part in attempting to alight from the car while it was in motion.

The allegations of error relied on are few. Plaintiff's theory was that the car stopped, and, when plaintiff was in the act of alighting, it started up again with a sudden jerk. There was also a count based upon the slowing down of the car, and an acceleration of speed by a jerk, before it came to a stop. Defendant's counsel requested the court to charge that:

" The so-called 'jerking' of the car makes no difference in the result of this case. If the car started at any rate of speed while the plaintiff was alighting, after the car had stopped, and the accident happened because of such starting, the defendant would be liable; but, if it did not stop, it would not help the plaintiff's case that the car started suddenly and with a jerk."

The court did not give this request in exact terms, but he said:

" Now, I charge you that, under the evidence in this case, the plaintiff cannot recover upon the latter theory, viz., that the power was applied, and the car started up

and he thrown from the platform or step, before the car had stopped."

A claim is made that this did not sufficiently protect the defendant against the danger of the argument that the car started up with a "sudden jerk;" but we think there was no danger of a failure of the jury to understand that there could be no recovery unless the car stopped, and was started up again, before plaintiff alighted.

The court was asked to instruct the jury that:

" The sole question for you to determine is the truth of Mr. Hastings' story. If you are not satisfied that this is substantially correct, there is no other testimony in the case upon which your verdict could be based in favor of the plaintiff; and in this connection neither sympathy nor prejudice should be permitted to sway your minds, but you should determine the truth of the matter by weighing the evidence, and the testimony of disinterested witnesses should not be lightly thrown aside."

This form of request cannot be approved, for it involves the dangerous consequences of a difference of opinion regarding the testimony of the witness named. The court pointed out what was necessary to be proven to justify a verdict, which was the proper method of charging the jury.

A motion was made for a new trial upon the ground that the verdict was against the evidence, and error is assigned upon its denial. We think it was not so clearly against the weight of evidence as to justify a reversal upon that ground.

Counsel also complains of the language used by plaintiff's advocate in the argument. Neither side is beyond criticism in this regard, and we think the cause should not be reversed upon this ground.

The judgment is affirmed.

MOORE, C. J., CARPENTER and MONTGOMERY, JJ., concurred. GRANT, J., took no part in the decision.